# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 15, 2018

Plaintiff-Appellee,

v

No. 338986
Wayne Circuit Court
LC No. 93-008770-01-FC

MICHAEL EDWARD JARRETT,

Defendant-Appellant.

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

SWARTZLE, P. J. (*concurring*).

I concur in result only. There is a certain Alice-in-Wonderland quality to the argument that the Legislature violated the Ex Post Facto Clause of the U.S. and Michigan Constitutions, US Const art I, § 10; Const 1963, art 1, § 10, when it provided that disciplinary credits that were earned-but-not-applied when a juvenile offender was serving a life sentence still cannot be applied when that offender is resentenced to a lesser term-of-years sentence. Credits not applied before, credits not applied now, lesser term-of-years sentence—and yet this is somehow a change in the law that *disadvantages* the juvenile offender?

Given the majority's holding in *People v Wiley*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 336898, 338870); slip op at 11-20, this panel is compelled by MCR 7.215(J)(1) to conclude that MCL 769.25a(6) cannot be used to prevent defendant from having his disciplinary credits deducted from his minimum and maximum sentences to determine parole eligibility. Accordingly, I concur in the result reached by the majority in this case. With that said, I agree with Judge Boonstra's well-reasoned partial dissent in *Wiley,* where he explains that the question of whether MCL 769.25a(6) is unconstitutional is not ripe for the sentencing court or on direct appeal, but instead should be considered in a separate action against the Department of Corrections. See *id.* at ___; slip op at 1, 5-9 (Boonstra, J, concurring in part and dissenting in part).

/s/ Brock A. Swartzle

-1-